SIGNAL DELIVERY SERVICE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Malachi Sabree, Appellee).

Second District (Industrial Commission Division)   No. 2—84—124 WC

Opinion filed December 17, 1984.—Rehearing denied February 11, 1985.

John H. Guill, of Roddy, Power & Leahy, Ltd., of Chicago, for appellant.

Kenneth L. Kaergard, of Neri & Hoch, Ltd., and Carl F. Safanda, both of St. Charles, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

The claimant, Malachi Sabree, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for an injury allegedly occurring on September 2, 1980, while in the course of his employment with respondent, Signal Delivery Service Company. An arbitrator found that claimant's condition of ill-being did not relate to September 2, 1980, but rather to an accident of August 1, 1978, for which claimant had already received compensation from the employer. The arbitrator denied claimant's claim for compensation and dismissed his application. On review, the Industrial Commission reversed the decision of the arbitrator and found that, on September 2, 1980, claimant sustained accidental injuries in the course of his employment and awarded him medical and temporary total benefits. The circuit court of Du Page County confirmed the decision of the Commission, and the employer appeals.

On appeal, the employer contends that the Commission improperly received additional evidence on review because claimant failed to give notice to the employer that additional evidence would be offered and because the evidence was available on arbitration. The employer also contends that the finding of the Commission that certain medical evidence was unrebutted is contrary to the manifest weight of the evidence.

Claimant, a 39-year-old truck driver, testified that on September 2, 1980, he was driving a truck from Massachusetts to New Jersey, a 4½-

hour trip. The roads were rough and in very poor condition. Claimant began to experience a burning sensation in his back from bouncing around in the tractor. When he returned to the employer's terminal on September 4, 1980, claimant informed the dispatcher about his low back pain. Claimant was directed to a hospital, where he was referred to Dr. Richard Dominguez, who had treated claimant for the work-related injury of August 1, 1978. In that earlier accident, claimant had sustained a fracture of the coccyx and had settled with the employer for that injury at 15% permanent partial disability.

Dr. Dominguez testified by evidence deposition that on September 5, 1980, he examined claimant and had X rays taken. He also referred claimant to Dr. Broido, an expert on cysts and other malignancies. Dr. Broido ruled out the possibility that claimant had a cyst or rectal abscess. Dr. Dominguez compared the new X rays with those taken in 1978 and noticed definite changes. The 1978 X rays showed a minimal displacement of the coccyx, while now there was a subluxation of the sacrococcygeal joint and a lesion. The significant traumatic change caused the need for surgery and, on October 16, 1980, Dr. Dominguez performed a coccygectomy on claimant. Dr. Dominguez testified that there was a causal connection between the repetitive bouncing on the truck which aggravated a preexisting condition and claimant's condition of swelling and bony prominence between the buttocks.

Dr. Hyman Hirschfield testified by evidence deposition that, at the request of claimant's counsel, in connection with the accident of August 1, 1978, he examined claimant on September 28, 1978, and May 29, 1979. He also examined X rays of claimant taken during this period. Dr. Hirschfield diagnosed claimant as having a fractured coccyx and stated that when he last examined claimant in 1979 the only feasible treatment for the stress from a fractured coccyx would be surgical resection of the coccyx. Dr. Hirschfield never examined claimant after 1979 and did not see the X rays taken in 1980.

■ The employer initially contends that the Commission improperly permitted claimant to offer additional evidence before it on review. The employer argues that the claimant, in violation of Commission rule, failed to give a five-day notice to the employer that he would offer additional evidence. The record before the Commission does not contain such a notice. In the circuit court, however, the claimant attached a copy of a notice which had been served on the employer's attorney and on the Commission five days prior to the Commission hearing that claimant intended to offer additional evidence to the Commission. Moreover, we find that the issue has been waived, since the employer did not make a failure-of-notice objection to the Commission.

(See *Johns-Manville Products Corp. v. Industrial Com.* (1980), 78 Ill. 2d 171, 399 N.E.2d 606.) The only objection made by the employer to the Commission about the additional evidence was that the testimony could have been presented at the hearing before the arbitrator. Thus, the employer has waived any issue about the failure to give notice. And we reject any suggestion that the five-day notice requirement is jurisdictional, thus barring the Commission from hearing additional evidence even absent an objection.

The employer also contends that the additional evidence offered by the claimant to the Commission on review should have been barred under the Commission rule, since it was testimony which could have been presented at the arbitration proceedings.

■ On review, claimant's counsel presented only claimant as an additional witness and confined his questions principally to matters which had been excluded by the arbitrator during the arbitration proceedings, along with the introduction of Dr. Dominguez' medical bill. Claimant's additional evidence was limited to testimony about the condition of the road, the construction of the truck seat and truck which claimant was operating, and the effect of these conditions on claimant. This limited additional evidence did not prejudice the employer, and the Commission did not abuse its discretion in receiving the additional evidence.

■ The employer finally contends that the Commission's finding that Dr. Dominguez' testimony was unrebutted is contrary to the manifest weight of the evidence. The Commission based its finding on the fact that Dr. Hirschfield did not examine claimant after the occurrence of September 2, 1980, and had not seen the September 1980 X rays showing the changes in claimant's condition. Since there was such a gap in Dr. Hirschfield's examination of claimant and X rays, the Commission was justified in characterizing Dr. Dominguez' testimony as unrebutted. Dr. Hirschfield's testimony was entitled to be considered, but Dr. Dominguez' credible testimony fully supports the Commission's decision that claimant sustained accidental injuries arising out of and in the course of his employment on September 2, 1980.

For the reasons stated, the judgment of the circuit court of Du Page County confirming the decision of the Industrial Commission is affirmed.

Judgment affirmed.

WEBBER, P.J., and LINDBERG, BARRY, and KASSERMAN, JJ., concur.